**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.   17 CR 50069 |
| vs. ) | |
| ) | Judge Philip G. Reinhard |
| Patrick L. Johnson, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant's motion for compassionate release [43], [52], is denied.

**STATEMENT/OPINION**

On June 1, 2018, defendant pleaded guilty pursuant to a plea agreement to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). On September 4, 2018, defendant was sentenced to 84 months' imprisonment. The facts of defendant's underlying conviction reveal that on June 10, 2017, Winnebago County Sheriff's Office deputies approached a black Pontiac Bonneville. Defendant was sitting in the driver's seat of the vehicle with a clear plastic bag containing a green leafy substance on the seat next to him. Defendant was taken into custody and a search of his person revealed a RG23 revolver loaded with six rounds of ammunition in defendant's front right shorts' pocket. After being advised of his rights, defendant explained that he purchases large amounts of cannabis, packages it into smaller portions for sale, and carries the loaded revolver for his protection. Prior to June 10, 2017, defendant was convicted of three separate felony offenses. Defendant's presentence investigation report, prepared by the United States Probation Office, calculated defendant's total offense level at 21, and criminal history category at VI. Defendant's sentencing guideline range was 77-96 months' imprisonment. Defendant's prior criminal history included residential burglary, possession with intent to deliver cannabis, and aggravated fleeing and eluding. Defendant was sentenced to 84 months' imprisonment. On July 27, 2020, the court denied defendant's motion under 28 U.S.C. § 2255.

Defendant is currently detained at Terre Haute FCI, a Federal Bureau of Prisons ("BOP") medium security institution in Terre Haute, Indiana. He has a projected parole date of May 28, 2023. Defendant is 38 years of age. On September 2, 2020, defendant filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act (First Step Act of 2018, P.L. 115-391, S. 603(b), 132 Stat. 5194) [43]. He included in his filing some medical records, his BOP educational transcript, and a BOP inmate bulletin regarding COVID-19 cases at the Terre Haute facility. On October 29, 2020, counsel for defendant filed a supplemental motion [52], BOP documents regarding the exhaustion of defendant's administrative remedies [52-1], and 111 pages of facility medical records [53]. The government filed its response

brief on November 19, 2020 [55].  The court takes all documents and arguments into account, as well as defendant's presentence investigation report and defendant's BOP progress report.  The court further finds (and the government concedes) that defendant has complied with the statutory requirement that he fully exhaust his administrative remedies.

Regarding defendant's present medical conditions, defendant notes he suffers from asthma, obesity and hypertension.  He also claims to have bronchitis.  According to the Center for Disease Control ("CDC") website, people with certain medical conditions including obesity (body mass index [BMI] of 30 or higher) are at an increased risk of severe illness should they contract COVID-19.  People with asthma or hypertension "might be at an increased risk for severe illness from COVID-19."[1]  In its response, the government concedes that in light of the current COVID-19 pandemic, defendant has demonstrated an extraordinary and compelling reason for release based on his medical conditions.  Defendant's medical records reflect that defendant has (as recently as August 2020) a BMI of 45.2.  Records further indicate that defendant is being treated for both asthma and hypertension.  The court agrees that defendant has shown an extraordinary and compelling reasons for release based on his medical conditions.

A reduction in the term of imprisonment for "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i), further requires the court to consider the factors set forth in 18 U.S.C. § 3553(a).  These factors include the nature and circumstances of the offense, the history and character of the defendant, the need for the sentence to reflect the seriousness of the offense, promote the respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public, and provide defendant with needed training, medical care, or other correctional treatment.  18 U.S.C. 3553(a).

First, as to the nature and circumstances of the offense, as noted above, defendant pleaded guilty to possessing a firearm as a felon.  The facts revealed that defendant was arrested in possession of a loaded RG23 revolver which defendant admitted he used for protection in connection with his drug distribution business.  The court finds the circumstances of defendant's crime, as well as the crime itself, to be very serious.  Regarding defendant's history and characteristics, defendant's presentence investigation report reflects three felony convictions - residential burglary, possession with intent to deliver cannabis, and aggravated fleeing and eluding.  Defendant has served multiple, years-long sentences in the Illinois Department of Corrections.  The next factor for the court to consider is the need for the sentence imposed.  Defendant has served approximately 40 months of his 84 months' term of imprisonment.  Defendant's BOP progress report (dated September 4, 2020) reflects he has participated in numerous educational courses while imprisoned; however, he has yet to obtain his GED.  Defendant's progress report notes no disciplinary infractions. While the court acknowledges and appreciates defendant's good conduct while in the BOP, due to the seriousness of defendant's offenses, in combination with his extensive criminal history, and in consideration of defendant's overall sentence, the court does not find defendant has made sufficient showing for early release under the factors set forth in 18 U.S.C. § 3553(a).

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.  Last visited on November 25, 2020.

Next, the court takes into consideration the guidance provided by the policy statement of the Sentencing Commission. *See* U.S.S.G. § 1B1.13. Under the policy, in order for a defendant to meet the criteria for "extraordinary and compelling reasons," the court examines any serious medical condition being suffered by the defendant, the age of the defendant, and defendant's family circumstances. *Id.*, cmt. n.1. "[T]he court may reduce the term of imprisonment…if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3553(c)(2).[2] As noted, defendant does have a serious medical condition (obesity) that could put him at an increased risk were he to contract COVID-19. Defendant also suffers from asthma and hypertension. However, defendant's medical records indicate that he is receiving treatment for all conditions and medication for his hypertension. Additionally, according to the BOP website, defendants' facility – Terre Haute FCI (with a population of over 1,000 inmates) – has 78 inmates and 17 staff confirmed cases of COVID-19.[3] Next, the court considers defendant's age – 38 – as not a significant factor for release.[4] Defendant has not reported a family circumstance that would favor his early release. Therefore, the court does not find a reduction in defendant's sentence consistent with the guidance provided by the policy statement of the Sentencing Commission at U.S.S.G. §1B1.13.

The court appreciates that defendant has maintained a clear disciplinary record while at the BOP and has taken advantage of classes and programs offered by the facility (as reflected in his September 4, 2020, progress report) and hopes defendant continues on this positive path. At this time, however, taking into account factors provided for under 18 U.S.C. § 3582(c)(1)(A)(i), as well as the factors set forth in 18 U.S.C. § 3553(a) and the guidance of the Federal Sentencing Commission, the court does not find "extraordinary and compelling reasons" to grant defendant compassionate release.

For the above stated reasons, defendant's motion for compassionate release [43], [52], is denied.

Date: 11/25/2020        ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)

---

[2] The Sentencing Commission has not yet issued a policy statement applicable to defendant's compassionate release request (motioned directly to the court). Nevertheless, "the Commission's analysis [of what factors the court can consider when determining "extraordinary and compelling reasons" for release] can guide [court] discretion without being conclusive." *United States v. Gunn*, __ F.3d __, 2020 WL 6813995, at *2 (7th Cir. 2020).

[3] *See* https://www.bop.gov/coronavirus/index.jsp. Last visited on November 25, 2020.

[4] The Federal Sentencing Guidelines suggest the court take into consideration defendants at least 65 years of age when evaluating reductions in terms of imprisonment. U.S.S.G. § 1B1.13.